UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO.    CR-04-2050-WFN |
| -vs- ) | ORDER |
| LETICIA CISNEROS DOMINGUEZ, ) | |
| Defendant. ) | |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Nicholas Marchi on behalf of Ms. Dominguez; Assistant United States Attorney Jill Bolton represents the Government. The Court has reviewed the file and the motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On March 9, 2004, Ms. Dominguez was indicted, along with Miguel Verduzco, Domingo Jacobo, and Samuel Garcia-Virgen, for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and 21 U.S.C. §841(a)(1). The Indictment alleged that Ms. Dominguez conspired to distribute more than 100 grams of methamphetamine. A jury found her guilty as charged. On April 28, 2005, she was sentenced to 57 months imprisonment and 5 years supervised release. Ms. Dominguez appealed. The Ninth Circuit

ORDER - 1

affirmed the District Court. The Ninth Circuit also rejected several claims of error of counsel.[1]

Ms. Dominguez now argues that her trial counsel was constitutionally deficient on grounds other than those raised before the Ninth Circuit Court of Appeals. Specifically, she alleges that her trial counsel failed to call witnesses, or ask witnesses who took the stand, who would have testified that Ms. Dominguez had never been to Chicago. This assertion would have undermined a statement made which indicated that Ms. Dominguez had been a drug runner, transporting drugs between Yakima and Chicago. Ms. Dominguez offered an affidavit supporting her assertion that she had never been to Chicago. She indicated she had raised this issue with trial counsel, but that counsel did not address the issue before the jury.

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary

---

[1]"Dominguez alleges several errors of counsel. We do not ordinarily hear such claims on direct appeal, but this record is sufficiently developed to assure us that the claims have no merit. We have reviewed Dominguez's claims and will address only the most serious one here: that her counsel should have requested a limiting instruction under Federal Rule of Evidence 105, directing jurors to consider the informant's statements as evidence of his knowledge rather than Dominguez's criminal propensity. This may have been an omission on counsel's part, but in light of the evidence of Dominguez's guilt it did not so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *United States v. Dominguez*, 189 Fed. Appx. 651, 652 (9th Cir. 2006) (citations omitted).

ORDER - 2

hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, Rules Section 2255 Proceedings (West 2006).

To gain relief, Movant must establish that (1) she is in custody under a sentence of this federal court; (2) her request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Ms. Dominguez alleges that her counsel failed to provide effective assistance of counsel. Ms. Dominguez must prove that counsel's performance was deficient and that she was prejudiced by this deficient performance. *U.S. v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689. "A lawyer who fails adequately to investigate and introduce into evidence records that demonstrate his client's factual innocence, or that raise sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez,* 174 F.3d 1067, 1090 (9th Cir. 1999). However, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 490 U.S. at 690-91.

Movant argues that defense counsel's failure to present evidence refuting Mr. Alfro's testimony regarding Ms. Dominguez's alleged drug running constituted consitutioanlly deficient performance. This argument is flawed for two reasons. First, Movant's assertion that the comment regarding drug running was the sole reason for her conviction is inaccurate. The transcripts provided by Movant show another factual basis for the Government's assertion that Ms. Dominguez participated in the conspiracy. Mr. Alfro and Ms. Dominguez testified

ORDER - 3

to conversations, one taped, which centered on a transaction. Though Mr. Alfro and Ms. Dominguez differed whether this discussion involved car parts or cocaine, this evidence could have been considered as indicative of guilt by a jury.

Second, the allegation of drug running was not part of the crime charged. Mr. Alfro's statement that Ms. Dominguez was running drugs was not admitted for the truth of the matter, so had it been the only "evidence," Ms. Dominguez should not have been convicted at all. The crime charged, conspiracy, did not require proof that Ms. Dominguez was a drug runner. Instead, the Government bore the burden of proving that she knowingly conspired to distribute 100 grams or more of methamphetamine.  Since there was no evidence that she ran drugs, nor that the alleged drug running was a part of the conspiracy, evidence refuting assertions that Ms. Dominguez ran drugs to Chicago would only have served to undermine the credibility of Mr. Alfro.  However, since Mr. Alfro did not in fact claim that he knew that Ms. Dominguez ran drugs, but simply that he had heard it was the case, any refutation of this fact would be of little value as it would not have much effect on Mr. Alfro's credibility. Thus, counsel's decision to not present evidence on that point, even without thorough investigation of Ms. Dominguez's travel history was a sound trial strategy.

Even assuming all facts alleged by Movant to be true, she failed to show defient performance. Thus, Movant's Motion must be denied. An evidentiary hearing is unnecessary.

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion that the Movant has failed to make a substantial

ORDER - 4

showing of a denial of a constitutional right. Thus a certificate of appealability should issue. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed June 26, 2007, **Ct. Rec. 128**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **GRANTED**; and
- **CLOSE** the corresponding civil file, **CV-07-3045-WFN**.

**DATED** this 31st day of October, 2007.

10-31

                        s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
               SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5